UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY ALVA THATCHER,

    Plaintiff,

v.

COUNTY OF EATON,

    Defendant.

_____/

Case No. 2:09-cv-114

Honorable Gordon J. Quist

## **REPORT AND RECOMMENDATION**

Plaintiff Gary Alva Thatcher filed this "complaint for declaratory judgment" pursuant to 28 U.S.C. § 2201 and § 2202. On June 11, 2009, the court noted that Plaintiff was attacking his state court conviction for criminal sexual conduct and ordered that the complaint be filed as a petition for writ of habeas corpus. On July 7, 2009, Plaintiff was ordered to file an amended pleading in proper form within 30 days. On July 28, 2009, Plaintiff filed a motion to amend and/or correct, stating that he intended to file this action as a "Civil Complaint for Declaratory Judgment" pursuant to 28 U.S.C. § 2201, 2202," insisting that he is not seeking habeas corpus relief and that the court should not re-characterize the nature of pleadings.

In his complaint, Plaintiff claims that the old statutory rape statute was unconstitutionally altered by Public Act 266 of 1974. Thus, the claim must be considered in the context of this Court's habeas corpus jurisdiction under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). "A state prisoner

seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254." *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). Plaintiff appears to have been imprisoned pursuant to a state conviction following a proceeding in the Eaton County Circuit Court. Therefore, Plaintiff's claim is properly analyzed as one filed pursuant to § 2254.

To the extent Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where a civil action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a civil action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)). Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Moreover, as noted above, Plaintiff seeks to invoke the district court's jurisdiction pursuant to the Declaratory Judgment Act. That Act is not a source of jurisdiction, which must be based on an independent source. *See Borden v. Katzman,* 881 F.2d 1035, 1037 (11th Cir.1989).

Having conducted the review required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: October 15, 2009

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).